Filed 10/9/13  P. v. Romero CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>FRANCISCO BENCES ROMERO,<br><br>     Defendant and Appellant. | F066263<br><br>(Super. Ct. No. 12CM8764)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____
*       Before Wiseman, Acting P.J., Poochigian, J., and Detjen, J.

## INTRODUCTION

On September 20, 2012, appellant, Francisco Bences Romero, entered into a plea agreement and waived his constitutional rights in court pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. The court explained the consequences of the change of plea to appellant and the parties stipulated to a factual basis for the plea.[1]

Appellant pled guilty as charged to count 1, willfully inflicting corporal injury resulting in a traumatic condition on his cohabitating girlfriend (Pen. Code, § 273.5, subd. (a)).[2] Appellant further admitted an allegation that he committed a prior serious felony within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)). Under the terms of the plea agreement, appellant's sentence would be a six-year lid with the defense attorney permitted to argue for a lower term at the sentencing hearing.

On October 17, 2012, the trial court sentenced appellant to the midterm of three years doubled pursuant to the three strikes law to six years. Appellant was granted custody credits of 93 days for time served and conduct credits of 92 days for total custody credits of 185 days. The court ordered appellant to pay fines and fees. Appellant obtained a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

---

[1] The parties stipulated that the relevant facts as adduced from the preliminary hearing were that on July 10, 2012, appellant while in Kings County intentionally struck his cohabitating girlfriend and mother of his child in the face causing the traumatic injuries of a bloody lip and a swollen lip and nose.

[2] As part of the plea agreement, allegations that he committed a second count of inflicting corporal injury to a cohabitant and made a criminal threat (Pen. Code, § 422) were dismissed.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 11, 2013, we invited appellant to submit additional briefing.

Appellant replied with a letter requesting that this court review the fairness of his sentence. Appellant argues that the length of his sentence is too long and unfair. We note the record shows that appellant's counsel reserved the right to argue for a sentence shorter than the six-year lid sentence appellant accepted in the plea bargain. Counsel argued for a shorter term at the sentencing hearing. Appellant was aware of the sentence he faced and the trial court kept that sentence within the lid term negotiated by the parties. Appellant was properly advised of the consequences of his plea. We find no sentencing error by the trial court.[3]

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The case is remanded to the trial court to prepare an amended abstract of judgment setting forth that appellant's total prison term is six years and to forward it to the appropriate authorities. The judgment is affirmed.

---

[3] We note there is a clerical error on line 9 of the abstract of judgment which inaccurately sets forth appellant's total prison sentence as two years rather than six years. Clerical error can be corrected at any time, including on appeal. (*People v. Jones* (2012) 54 Cal.4th 1, 89; *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *In re Candelario* (1970) 3 Cal.3d 702, 705.)